# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

DAMIAN JACKSON,

       Plaintiff,

v.                               Case No. 09-10991

FEDERAL DEPOSIT INSURANCE CORP., et al.

       Defendants.

_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Pending before the court is a motion for summary judgment, filed on December 4, 2009, by Defendant Federal Deposit Insurance Corporation (the "FDIC") as receiver for Defendant Main Street Bank. Plaintiff Damian Jackson has not filed a response.[1] Having reviewed the briefs, the court concludes a hearing on this motion is unnecessary. *See* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will grant Defendant's motion.

---

[1]The deadline for Plaintiff to file a response was December 28, 2009. *See* E.D. Mich. LR 7.1(d)(1)(B). At the hearing on the motion for preliminary injunction held on December 8, 2009, the court reminded counsel, "There will be a response due in an appropriate time on this dispositive motion filed December 4th. Please watch your days on that and get the response in on time." (12/8/09 Tr. at 58.) Counsel for Plaintiff replied, "Yes, sir. Thank you, Judge." (*Id.*) Despite this reminder, a response was not filed by the deadline.

    A hearing on the motion for summary judgment was scheduled for February 3, 2010. In late January, Plaintiff's counsel informed the court that the parties had tentatively reached a settlement agreement, and the court cancelled the hearing. Plaintiff's counsel later informed the court that the settlement agreement never materialized. The court reset the hearing date for February 25, 2010, and allowed Plaintiff until February 5, 2010 to file a response. (2/1/10 Order.) Thus, Plaintiff had over two months to file a response to this motion, which is substantially longer than the twenty-one days provided by the Local Rules. *See* E.D. Mich. LR 7.1(d)(1)(B). Despite this extended time period, Plaintiff failed to respond.

## I. BACKGROUND

This case involves seven residential properties: 2446 Atkinson Street, Detroit, Michigan; 19334 Littlefield Street, Detroit, Michigan; 18935 Indiana Street, Detroit, Michigan; 5730 Cadieux Road, Detroit, Michigan; 19184 Pinehurst Street, Detroit, Michigan; 5767 Yorkshire Road, Detroit, Michigan; and 21901 Frazer Avenue, Southfield, Michigan. (Pl.'s Oakland County Compl. ¶ 1; Pl.'s Wayne County Compl. ¶ 1.) In 2006 and 2007, Defendant Main Street Bank loaned Plaintiff $762,400 to purchase these properties. (Def.'s Mot. Exs. G, I, K, M, O, Q, S.) In exchange, Plaintiff signed seven "Interest-Only 12 month Fixed Rate Balloon Note[s]," (*id.*), and granted Main Street Bank a mortgage on each property (*id.* Exs. H, J, L, N, P, R, T).

After making a series of interest-only payments, Plaintiff defaulted on the loans. (Def.'s Mot. Br. at 2-3.) Main Street Bank foreclosed on the properties and purchased them at sheriff's sales in June 2008. (Pl.'s Oakland County Compl. ¶ 1; Pl.'s Wayne County Compl. ¶ 1; Def.'s Mot. Br. at 3.) On October 10, 2008, Main Street Bank was declared insolvent and the FDIC was appointed receiver. (Def.'s Mot. Ex. C.) As of the pending motion, Main Street Bank remains in receivership with the FDIC. (Def.'s Mot. Br. at 4.)

After the appointment of the FDIC as receiver, Plaintiff brought two suits in state court, one in Wayne County Circuit Court on January 13, 2009 with respect to the six Wayne County properties and one in Oakland County Circuit Court on February 11, 2009 with respect to the one Oakland County property. As defendants, Plaintiff named the FDIC, Main Street Bank, Wayne County, Oakland County, and Shaheen, Jacobs & Ross P.C. In each complaint, Plaintiff alleged three counts: (1) improper sheriff's sale

in violation of Mich. Comp. Laws § 600.3216; (2) violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("the FDCPA"); and (3) unjust enrichment based on the improper sheriff's sale and FDCPA violations.

In Count I, Plaintiff alleges that the sheriff's sale was improper because the "individual executing the Sheriff's Deed was not a deputy, under sheriff, or sheriffs." (Pl.'s Oakland County Compl. ¶ 6; Pl.'s Wayne County Compl. ¶ 6.)  In Count II, Plaintiff asserts that the FDIC violated the FDCPA by sending letters to the tenants of the properties advising them that it is the receiver for Main Street Bank, notifying them that it is now in possession of the property, and requesting a copy of the current lease. (Pl.'s Oakland County Compl. ¶ 10; Pl.'s Wayne County Compl. ¶ 10.)  Plaintiff alleges that this is an FDCPA violation because the FDIC did not commence legal eviction proceedings in court "to establish a landlord/tenant status which, if [it] were to prevail, would legally enable [it] to take possession of the property and at that time advise the tenants accordingly."  (Pl.'s Oakland County Compl. ¶ 11; Pl.'s Wayne County Compl. ¶ 11.)  Plaintiff's final count sets forth a claim for unjust enrichment based on the FDIC and Main Street Bank's alleged violations.  Specifically, Plaintiff contends that Defendants "have been unjustly enriched due to the violations of the Fair Debt Collections Practice Act that occurred during the foreclosure process of this matter, i.e., their failure to cease collection activities upon receipt of plaintiff's request of his purported debt and validation of the same" and based on "the questionable identity of the individual who represented themselves to be a sheriff when they posted the foreclosure advertisement."  (Pl.'s Oakland County Compl. ¶ 14; Pl.'s Wayne County Compl. ¶ 14.)

3

Defendants removed the Oakland County case to federal court on March 17, 2009, and it was assigned to this court as case number 09-10991. On March 18, 2009, Defendants removed the Wayne County case to federal court, and it was assigned to the Honorable Lawrence P. Zatkoff as case number 09-10999. On the same day the cases were removed, the FDIC filed a motion to stay the proceedings ninety days pursuant to 12 U.S.C. §1812(d). In each motion, the FDIC stated that "Plaintiff has failed to exhaust any administrative remedies prior to initiating the instant suit" and requested a stay for ninety days "in order to permit Plaintiff to exhaust his administrative remedies." (Def.'s 3/17/09 Mot. to Stay at 4; Def.'s 3/18/09 Mot. to Stay at 4.) These motions were withdrawn by the FDIC on June 18, 2009.

Pursuant to Federal Rule of Civil Procedure 42(a), the case before Judge Zatkoff, case number 09-10999, was consolidated with the case before this court, case number 09-10991, on June 11, 2009. (6/11/09 Order of Consolidation.) Before consolidation, however, Judge Zatkoff remanded Count I to Wayne County Circuit Court. (4/8/09 Order Partially Remanding Case.)

On July 16, 2009, the court dismissed Oakland County for failure to prosecute after Plaintiff failed to respond to an order to show cause. The court entered a stipulation and order of dismissal as to Wayne County on October 28, 2009, and as to Shaheen, Jacobs & Ross, P.C. on December 17, 2009. Thus, the FDIC and Main Street Bank are the only remaining Defendants in this case.

On November 24, 2009, the FDIC filed a motion for preliminary injunction seeking to enjoin Plaintiff from taking steps to sell or collect rent from tenants residing in any of the seven residential properties at issue in the case. A hearing on this motion

was held on December 8, 2009, and the court granted the motion.  (12/8/09 Tr.;

12/18/09 Order.)  The court enjoined Plaintiff from taking steps to sell the properties and

ordered that all rent monies collected from the properties "shall be accounted for and

not otherwise disposed of by the parties."  (12/18/09 Order at 2.)  The court further

ordered that, unless the court later found that Plaintiff was the rightful owner of the

properties, "all rents collected from tenants of the properties in question, since the FDIC

acquired title in same, are the rightful property of the FDIC.  Any such rents already

collected by Plaintiff and held in any bank account are hereby frozen until final

disposition of the instant case."  (*Id.* at 2-3.)

The FDIC filed the present motion for summary judgment on December 4, 2009.

It argues that it is entitled to judgment in its favor based on Plaintiff's failure to exhaust

the FDIC's administrative claims process and based on Plaintiff's failure to permit

meaningful discovery.  (Def.'s Mot. Br. at 9.)

## II. STANDARD[2]

---

[2] Even though the court's scheduling order requests that the parties "[c]learly describe the standard governing [their] motion," (8/4/09 Order at 6), the FDIC does not include a discussion of the appropriate legal standard in its brief. The FDIC's motion is entitled "Defendant Federal Deposit Insurance Corporation's Motion for Summary Judgment for Lack of Subject Matter Jurisdiction and for Plaintiff's Failure to Permit Discovery." Although the motion requests summary judgment, the FDIC appears to use language derived from Federal Rule of Civil Procedure 12(b)(6), even though this rule is not cited in the FDIC's brief. For instance, the FDIC states, "Plaintiff's complaint fails to state a claim upon which relief can be granted since Plaintiff failed to exhaust administrative remedies under 12 U.S.C. § 1821(d)." (Def.'s Mot. Br. at 5.) Nonetheless, because the FDIC requests summary judgment and refers to material outside of the pleadings, the court will treat this motion as one for summary judgment under Rule 56. *See* Fed. R. Civ. P. 12(d).

Under Federal Rule of Civil Procedure 56, summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "In deciding a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party, drawing all reasonable inferences in that party's favor." *Sagan v. United States*, 342 F.3d 493, 497 (6th Cir. 2003). "Where the moving party has carried its burden of showing that the pleadings, depositions, answers to interrogatories, admissions and affidavits in the record, construed favorably to the non-moving party, do not raise a genuine issue of material fact for trial, entry of summary judgment is appropriate." *Gutierrez v. Lynch*, 826 F.2d 1534, 1536 (6th Cir. 1987) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)).

The court does not weigh the evidence to determine the truth of the matter, but rather, to determine if the evidence produced creates a genuine issue for trial. *Sagan*, 342 F.3d at 497 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). The moving party discharges its burden by "'showing' –that is, pointing out to the district court– that there is an absence of evidence to support the nonmoving party's case." *Horton v. Potter,* 369 F.3d 906, 909 (2004) (citing *Celotex*, 477 U.S. at 325). The burden then shifts to the nonmoving party, who "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The non-moving party must put forth enough evidence to show that there exists "a genuine issue for trial." *Horton,* 369 F.3d at 909 (citing *Matsushita*, 475 U.S. at 587 (1986)). Summary judgment is not

appropriate when "the evidence presents a sufficient disagreement to require submission to a jury."  *Anderson*, 477 U.S. at 251-52.

## III. DISCUSSION

The FDIC argues that the court "lacks subject matter jurisdiction over Plaintiff's Complaint and Plaintiff's Complaint should be dismissed since he failed to exhaust all administrative procedures he is required to pursue under the Financial Institution's Reform Recovery and Enforcement Act of 1989 (hereinafter "FIRREA") 12 U.S.C. [§] 1821 *et seq.*"  (Def.'s Mot. ¶ 11.)

"FIRREA was enacted during the savings and loan insolvency crisis to enable the FDIC and the Resolution Trust Company (RTC) to efficiently and expeditiously wind up the affairs of hundreds of failed financial institutions."  *In re Lewis*, 398 F.3d 735, 739 (6th Cir. 2005) (citing *Freeman v. FDIC*, 56 F.3d 1394, 1398 (D.C. Cir. 1995)).  It "grants the FDIC, as receiver, broad powers to determine claims asserted against failed banks." *Henderson v. Bank of New England*, 986 F.2d 319, 320 (9th Cir. 1993) (citing 12 U.S.C. § 1821(d)(3)(A)).  To effectuate these broad powers, FIRREA "establishes an administrative process for handling claims made against the assets of a failed bank that has been placed under receivership."  *In re Lewis*, 398 F.3d at 739.

The administrative process for handling claims is set forth in 12 U.S.C. § 1821(d)(3)-(13).  The FDIC must give notice to creditors that they must file claims by a specified date.  12 U.S.C. § 1821(d)(3).  After a claim is filed, the FDIC has 180 days to allow or disallow the claim.  *Id.* § 1821(d)(5).  If the claim is disallowed or not ruled upon after 180 days, then the claimant has 60 days to seek administrative review or file an action in the district court.  *Id.* § 1821(d)(6)(A).  If the claimant does not seek

8

administrative or judicial review within 60 days, then the "claimant shall have no further

rights or remedies with respect to such claim." *Id.* § 1821(d)(6)(B)

To ensure that claims initially undergo the administrative process, "Congress

placed jurisdictional limits on the power of the federal courts to review matters involving

failed savings and loans under FIRREA." *Brady Dev. Co. v. Resolution Trust Co.*, 14

F.3d 998 (4th Cir. 1994), *cited in Village of Oakwood v. State Bank and Trust Co.*, 539

F.3d 373, 386 (6th Cir. 2008). To this end, FIRREA contains an express limitation on

judicial review:

> Except as otherwise provided in this subsection, no court shall have
> jurisdiction over--
>
> (i) any claim or action for payment from, or any action seeking a
> determination of rights with respect to, the assets of any depository
> institution for which the Corporation has been appointed receiver,
> including assets which the Corporation may acquire from itself as such
> receiver; or
>
> (ii) any claim relating to any act or omission of such institution or the
> Corporation as receiver.

12 U.S.C. § 1821(d)(13)(D).

This provision "expressly bars courts from hearing any 'claim or action for

payment from' or 'action seeking a determination of rights with respect to' the assets of

a failed bank held by the FDIC as receiver, unless the administrative claims process is

exhausted." *Freeman*, 56 F.3d at 1400 (quoting 12 U.S.C. § 1821(d)(13)(D)). It

"precludes a court from *acquiring* jurisdiction *after* the receiver is appointed," unless the

claim has been disallowed by the receiver through the administrative process. *In re*

*Lewis*, 398 F.3d at 744 (emphasis in original). The Sixth Circuit, like its sister circuits,

has adopted the interpretation of § 1821(d)(13)(D) "as imposing a statutory exhaustion

requirement rather than an absolute bar to jurisdiction." *Village of Oakwood*, 539 F.3d at 385-86.

This limitation on judicial review applies to "any claim," whether the claim is made by a debtor, creditor, or other party. *In re Lewis*, 398 F.3d at 741-42 ("While the notice provisions of § 1821 apply only to creditors, and there is no specific mention of a bank's debtors, § 1821(d)(13)(D) clearly applies to 'any action' with respect to the failed institution's assets."). As the *Freeman* court stated,

> Our sister circuits have broadly applied the § 1821(d) jurisdictional bar to all manner of "claims" and "actions seeking a determination of rights with respect to" the assets of failed banks, whether those claims and actions are by debtors, creditors, or others. *See, e.g.*, *Lloyd v. FDIC*, 22 F.3d at 337 (suit by debtor seeking equitable reformation or cancellation of mortgage agreement to prevent foreclosure is a "determination of rights with respect to an asset" subject to § 1821(d)(13)(D) jurisdictional bar); *Henderson v. Bank of New England*, 986 F.2d at 321 (claims by unsuccessful credit card applicant for monetary damages and discovery of derogatory credit information are subject to § 1821(d)(13)(D) jurisdictional bar); *Meliezer v. Resolution Trust Corp.*, 952 F.2d at 883 (mortgagor's claim that failed institution was negligent in allowing mortgagor to assume insufficient insurance is subject to § 1821(d)(13)(D) jurisdictional bar) . . . .

*Freeman*, 56 F.3d at 1401.

In this case, although Plaintiff's claims arise under multiple legal theories, each ultimately is an "action seeking a determination of rights with respect to" the assets of a failed bank for which the FDIC has been appointed receiver or is a "claim relating to any act or omission of such institution or the Corporation as receiver." 12 U.S.C. § 1821(d)(13)(D).

In Count I, Plaintiff alleges that the sheriff's sale was improper in violation of Mich. Comp. Laws § 600.3216. (Pl.'s Oakland County Compl. ¶ 6; Pl.'s Wayne County Compl. ¶ 6.) Similarly, in Count III, Plaintiff sets forth a claim for unjust enrichment

based on alleged violations of the law that occurred during the foreclosure process. (Pl.'s Oakland County Compl. ¶ 14; Pl.'s Wayne County Compl. ¶ 14.) The properties in this case, which Main Street Bank acquired title in by purchasing at the allegedly improper foreclosure sales, are clearly "the assets of [a] depository institution for which the Corporation has been appointed receiver." 12 U.S.C. § 1821(d)(13)(D)(i). Plaintiff's claims alleging that the sheriff's sale was improper constitute an "action seeking a determination of rights with respect to" these assets. *Id.* Moreover, both of these counts relate to an "act or omission" of Main Street Bank, an institution for which the FDIC has been appointed receiver. 12 U.S.C. § 1821(d)(13)(D)(ii). Therefore, § 1821(d)(13)(D)'s limitation on judicial review applies to Counts I and III of Plaintiff's Complaint.

Title 12 U.S.C. § 1821(d)(13)(D)'s limitation on judicial review also applies to Count II, in which Plaintiff asserts that the FDIC violated the FDCPA by sending letters to the tenants of the properties. (Pl.'s Oakland County Compl. ¶ 10, 11; Pl.'s Wayne County Compl. ¶ 10, 11.) These actions by the FDIC constitute an "act or omission of . . . the Corporation as receiver." 12 U.S.C. § 1821(d)(13)(D)(ii). Therefore, § 1821(d)(13)(D)'s jurisdictional bar applies to Count II of Plaintiff's Complaint.

It is undisputed that Plaintiff never pursued any of these claims through the FDIC's administrative process before filing this lawsuit. (Def.'s Mot. ¶ 13 ("In spite of receiving written notice from FDIC – Receiver, Plaintiff has not filed an administrative claim as required under FIRREA, let alone exhausted the administrative procedures

under FIRREA before filing the instant lawsuit.").)[3]   Because these claims fall within §

1821(d)(13)(D)'s jurisdictional bar and Plaintiff failed to exhaust these claims through

the FDIC's administrative claims process, the court does not have jurisdiction over the

claims in Plaintiff's complaint.  Accordingly, the court will grant the FDIC's motion for

summary judgment.[4]

## IV.  CONCLUSION

For the reasons above, IT IS ORDERED that Defendant's motion for summary

judgment [Dkt. # 26] is GRANTED.

s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

---

[3]At the preliminary injunction hearing, Plaintiff appeared to misunderstand the
FDIC's administrative claims process.  He stated, "Prior to the FDIC, I was in
conversations with Main Street Bank long after while we were in the process of working
out, as what [the FDIC's counsel] calls exhausting all administrative remedies, we were
in the process of doing that, Main Street Bank went out of business.  FDIC came on the
scene long after we were in negotiations in some settlement or another."  (12/8/09 Tr. at
36.)

[4]As an alternative theory, the FDIC requests summary judgment based on
"Plaintiff's failure to permit Defendants to conduct meaningful discovery."  (Def.'s Mot.
Br. at 9.)  The FDIC bases this request on Plaintiff's failure to appear at a deposition
scheduled for October 21, 2009, and Plaintiff's failure to respond to admission requests
made by Shaheen, Jacobs & Ross P.C.  (*Id.* at 10.)  Because the court will grant
summary judgment based on Plaintiff's failure to exhaust the FDIC's administrative
claims process, the court will not address this alternative basis.  However, in addition to
requesting the dismissal of Plaintiff's complaint for failure to permit meaningful
discovery, the FDIC also states that "Defendant should be awarded its costs and
attorney's fees wrongfully incurred as a result of Plaintiff's refusal to appear for his
scheduled deposition."  (Def.'s Mot. ¶ 22.)  Relief in this form is properly sought only in a
motion pursuant to Federal Rule of Civil Procedure 37(d), not as a component of a
motion for summary judgment.  The court declines to consider the FDIC's request for
costs and attorney's fees at this time, and offers no view on the merits of a motion that
has not been presented.

Dated: February 19, 2010

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 19, 2010, by electronic and/or ordinary mail.

s/Lisa G. Wagner
Case Manager and Deputy Clerk
(313) 234-5522